James K. Tracy (#6668)
Joshua L. Lee (#11701)
BENNETT TUELLER JOHNSON & DEERE
3165 E. Millrock Dr., Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-2000
Fax: (801) 438-2050
Email: jtracy@btjd.com; jlee@bjtd.com

*Attorneys for Kenneth W. Griswold*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KIRTON MCCONKIE, P.C., a professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. GRISWOLD, an individual; and; MICHAEL A. BAKER, an individual,<br><br>Defendants. | **ANSWER AND COUNTERCLAIM**<br><br><br><br>Case No. 2:13-cv-00631-DN<br><br>Judge David Nuffer |

Defendant Kenneth W. Griswold ("*Griswold*" or "*Defendant*"), by and through counsel, hereby answers the Complaint of Plaintiff Kirton McConkie, P.C. ("*Kirton*" or "*Plaintiff*") as follows:

1. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2. Admits.

3. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4. Admits.

5. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7. Admits.

8. Admits.

9. Answering paragraph 8 of the Complaint, Griswold asserts that the referenced document speaks for itself and denies any allegations inconsistent therewith.

10. Denies.

11. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Answering paragraph 12 of the Complaint, Griswold admits that as of March 1, 2011, Wolf Mountain desired Kirton McConkie to continue to provide the referenced legal services.  Griswold denies all other allegations of paragraph 12 of the Complaint.

13. Admits.

14. Answering paragraph 14 of the Complaint, Griswold asserts that the referenced document speaks for itself and denies any allegations inconsistent therewith.

15.     Answering paragraph 15 of the Complaint, Griswold asserts that the referenced document speaks for itself and denies any allegations inconsistent therewith.

16.     Answering paragraph 16 of the Complaint, Griswold asserts that the referenced document speaks for itself and denies any allegations inconsistent therewith.

17.     Answering paragraph 17 of the Complaint, Griswold asserts that the referenced document speaks for itself and denies any allegations inconsistent therewith.

18.     Admits.

19.     Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20.     Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21.     Admits.

22.     Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23.     Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25. Answering paragraph 25 of the Complaint, Griswold asserts that the referenced documents speaks for itself and denies any allegations inconsistent therewith.

26. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30. Griswold reasserts and incorporates by reference the foregoing responses to the Complaint as if fully set forth herein.

31. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35. Denies.

36. Denies.

37. Griswold reasserts and incorporates by reference the foregoing responses to the Complaint as if fully set forth herein.

38. Denies.

39. Denies.

40. Griswold is without sufficient knowledge or information to form a belief as to the truths of the allegations contained in paragraph 40 of the Complaint and therefore denies the same.

41. Denies.

42. Denies.

43. Griswold denies any allegation of the Complaint not specifically addressed above.

## FIRST AFFIRMATIVE DEFENSE

Any allegation in the Complaint not specifically addressed above is hereby denied.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Griswold upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to Plaintiff's anticipatory repudiation, prior breach of contract, failure to perform, and/or malpractice, including, but not limited to, Plaintiff's overbilling, breach of fiduciary duty, and breach of the Utah Rules of Professional Conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or in pari delicto (including, without limitation, Plaintiff's breach of the Utah Rules of Professional Conduct during its representation of Griswold).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for unjust enrichment is barred to the extent there is a valid agreement between the parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff and recoupment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Griswold has been expressly, impliedly, or by operation of law, excused from any and all obligations relating to any and all claims for relief alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

In representing itself, Plaintiff is not entitled to an award of attorneys' fees.  *See Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1375 (Utah 1996).

## RESERVATION

Griswold hereby reserves the right to assert any other affirmative defense and/or claims which may come to light during the course of discovery.

WHEREFORE, Griswold respectfully requests that Plaintiff's Complaint be dismissed with prejudice and upon the merits, that Plaintiff take nothing, that Griswold be awarded his attorneys' fees and costs incurred in defending this action, and for such other and further relief as the Court may deem necessary, just and proper under the circumstances.

## COUNTERCLAIM

Counter Plaintiff Kenneth W. Griswold ("*Griswold*"), by and through counsel, and pursuant to Rule 13 of the Utah Rules of Civil Procedure, hereby counterclaims against Counter Defendant Kirton McConkie, P.C. ("*Kirton*") and alleges as follows:

## GENERAL ALLEGATIONS

1. Kirton agreed to represent Wolf Mountain Resorts, L.C. ("*Wolf*") in certain litigation commenced by ASC Utah, Inc. ("*ASCU*").

2. Wolf counterclaimed for damages against ASCU.

3. Kirton consistently assured and advised Wolf and Griswold that ASCU would not prevail in obtaining damages against Wolf and that Wolf was entitled to payment from ASCU.

4. Kirton recommended aggressive litigation strategies that reflected a misguided confidence in a successful outcome.

5. Wolf and Griswold agreed with Kirton's recommended course of action on the strength of Kirton's consistent assurances that Wolf would ultimately prevail at trial.

6. Kirton's assurances also led Wolf to turn down settlement proposals from ASCU including at least one offer that would have entailed ASCU paying Wolf a portion of what Wolf believed was owed.

7. After years of litigation and a jury trial, ASCU obtained a $60 million judgment against Wolf.

8. Just weeks before trial was scheduled and after running up an enormous bill in the case, Kirton threatened to withdraw and induced Griswold to sign the Amendment, in which Griswold personally guaranteed Wolf's obligation to pay fees to Kirton.

9. Section 9 of the Amendment refers to Griswold as "Client."

10. Under the Amendment, Wolf assigned to Kirton its rights to collect rents from ASCU (the "***Rents Assignment***").

11. In negotiating the Amendment, Kirton made confident representations to Griswold that the Rents Assignment would cover the fees, and that Griswold would almost certainly not have to pay anything personally.

12. Kirton had a pecuniary interest in inducing Griswold to execute the Amendment.

13. As professional legal counsel, Kirton was in a superior position to know all material facts concerning the viability of the Rents Assignment.

14. Griswold placed the utmost trust and confidence in Kirton, and reasonably believed that Kirton would act in his and Wolf's best interests.

15. Kirton attempted to obtain, through the Amendment, Wolf and Griswold's waiver of any past, present, or future claims against Kirton—including any claim for legal malpractice.

16. To that end, the Amendment contains the following provision (the "***Invalid Waiver***"):

> Client hereby waives and fully and forever releases and discharges Law Firm and its agents, directors, officers, employees, contractors, representatives, and assigns, from any and all claims, demands, actions, causes of action, judgments and liabilities of any kind or nature whatsoever in law, equity or otherwise, whether based on allegations of Law Firm's malpractice, decisions, judgment, acts, omissions, or any other theory, whether known or unknown, suspected or unsuspected, which have existed or may have existed or which do exist or which may result in the future, including those which may be based in whole or in part on, or may arise from or are or may be related to any and all matters billed by Law Firm at any time for services performed by Law Firm under the Agreement and this Amendment, including, without limitation, for matters 17300 (Wolf Mountain), 16590 (Fairstar Resources), and 17394 (Peninsula Advisors), before and up to the Effective Date. The foregoing notwithstanding, Client does not waive its right to dispute good faith invoice disputes, provided that Client shall pay all undisputed amounts in any invoice pursuant to the terms hereof, and that client shall provide Law Firm with prompt, written notice of any dispute.

17. Griswold was not represented by independent legal counsel when he signed the Amendment, and Kirton did not advise Griswold to obtain independent legal counsel.

## **FIRST CAUSE OF ACTION**
### **(Negligent Misrepresentation)**

18. Griswold incorporates by reference the allegations set forth above as if fully set forth herein.

19. Kirton had a duty to disclose all material facts to Griswold concerning the Amendment and Rents Assignment.

20. As a professional provider of legal services, Kirton owed Griswold an independent duty of care.

21. Contrary to Kirton's representations, the Rents Assignment had no viability under Utah law because it was subject to set off by ASCU.

22. Kirton negligently misrepresented the viability of the Rents Assignment, overstating the chances of success in order to induce Griswold to sign a personal guaranty.

23. Kirton failed to disclose the risk that ASCU would not pay the rents in the event it obtained a judgment against Wolf.

24. In making the misrepresentations and omissions described above, Kirton knew or should have known that the Griswold would rely on those misrepresentations and omissions in executing the Rents Assignment.

25. Kirton's misrepresentations and omissions concerning the viability of the Rents Assignment were made negligently, carelessly, and/or recklessly with regard to their truth.

26. Griswold reasonably and justifiably relied on Kirton's misrepresentations and omissions in making the decision to execute the Assignment.

27. As a direct and proximate result of Kirton's negligent misrepresentations and omissions, Griswold has been damaged, both in fees paid to Kirton and in additional fees that Kirton is attempting to collect.

28. Because Kirton induced Griswold to execute the Amendment by making negligent misrepresentations concerning the Rents Assignment, Griswold is entitled to the remedy of rescission.

29. Alternatively, Griswold is entitled to an award of damages.

30. Griswold is therefore entitled to judgment against Kirton as set forth below in the Prayer for Relief.

## SECOND CAUSE OF ACTION
(Negligence)

31. Griswold incorporates by reference the allegations set forth above as if fully set forth herein.

32. As counsel for Wolf and Griswold, Kirton had a duty to use reasonable care in its provision of legal services.

33. Kirton also had a duty to uphold its ethical obligations and to refrain from unethical conduct in its representation of Wolf and Griswold.

34. Upon information and belief, Kirton breached its duty to Wolf and Griswold when it (1) failed to take reasonable steps to evaluate Wolf's probability of success on the merits; (2) incorrectly concluded that Wolf would ultimately prevail on the merits; (3) consistently recommended an aggressive litigation approach based on its incorrect evaluation of Wolf's potential exposure.

35. Upon information and belief, Kirton made a number of other mistakes during the course of the litigation and trial that, individually or collectively, amount to a breach of its duty to Wolf and Griswold.

36. Kirton further breached its duty to Wolf and Griswold when it induced them to sign the Amendment containing the Invalid Waiver.

37. The Utah Rules of Professional Conduct prohibit prospective waiver of malpractice claims unless the client is represented by independent counsel.

38. Neither Wolf nor Griswold were represented by independent counsel when they signed the Amendment.

39. The Invalid Waiver constitutes a violation of the Utah Rules of Professional conduct.

40. Kirton's inducement of Wolf and Griswold to sign the Amendment containing the Invalid Waiver breached its duty to Wolf and Griswold and constitutes negligence per se.

41. As a direct and proximate result of Kirton's negligence described herein, Griswold has been damaged.

42. Griswold is therefore entitled to judgment against Kirton as set forth below in the Prayer for Relief.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment – Utah Code Ann. § 78B-6-408)
### (Validity of the Amendment)

43. Griswold incorporates by reference the allegations set forth above as if fully set forth herein.

44. By inducing Wolf and Griswold to sign the Amendment containing the Invalid Waiver, Kirton attempted to secure a waiver of any malpractice claim against it.

45. The Utah Rules of Professional Conduct evince a public policy against waiver of malpractice claims absent separate counsel because, among other things, such waivers (a)

undermine competent and diligent representation; and (b) many clients are unable to evaluate the desirability of making such an agreement before a dispute has arisen, particularly if they are then represented by the lawyer seeking the agreement.

46. Wolf and Griswold were not represented by independent counsel at the time they signed the Amendment.

47. Kirton violated the Utah Rule of Professional Conduct when it induced Wolf and Griswold to sign the Amendment containing the Invalid Waiver.

48. The Invalid Waiver is a material and integral provision of the Amendment and goes to the heart or the essence of the Amendment.

49. There is a present and justiciable controversy concerning Griswold's obligations under the Amendment.

50. Pursuant to Utah Code Annotated § 78B-6-408, Griswold is entitled to an order and judgment that the Invalid Waiver and Amendment are void as against public policy.

51. Griswold is therefore entitled to judgment against Kirton as set forth below in the Prayer for Relief.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

52. Griswold incorporates by reference the allegations set forth above as if fully set forth herein.

53. Kirton, as counsel and agent, owed fiduciary duties to Wolf and Griswold.

54. Kirton breached those fiduciary duties by, among other things, (a) failing to take reasonable care with respect to the Rent Assignment and Wolf's probability of success on the

merits of its case; and (b) failing to uphold the Utah Rules of Professional Conduct with respect to the Amendment.

55.     As a direct and proximate result of Kirton's breach of fiduciary duty described herein, Griswold has been damaged.

56.     Griswold is therefore entitled to judgment against Kirton as set forth below in the Prayer for Relief.

## **PRAYER FOR RELIEF**

NOW THEREFORE, Griswold prays for the following relief:

A.     In accordance with Griswold's First Cause of Action, asserting a claim for negligent misrepresentation, for rescission of the Amendment, or, alternatively, for an award of damages proximately caused by Kirton's negligent misrepresentations, the exact amount to be established at the trial of this matter;

B.     In accordance with Griswold's Second Cause of Action, asserting a claim for negligence, for an award of damages proximately caused by Kirton's breaches of its professional duty to Wolf and Griswold, the exact amount to be established at the trial of this matter;

C.     In accordance with Griswold's Third Cause of action, asserting a claim for declaratory judgment, for an order and judgment declaring the Amendment void as against public policy;

D.     In accordance with Griswold's Fourth Cause of Action, asserting a claim for breach of fiduciary duty, for an award of damages proximately caused by Kirton's breaches of its fiduciary duty to Wolf and Griswold, the exact amount to be established at the trial of this matter;

E.       For prejudgment and post judgment interest;

F.       For an award of attorneys' fees and costs; and

G.      For such other and further relief as the Court deems just and proper.

DATED this 9th day of May, 2017.

BENNETT TUELLER JOHNSON & DEERE

By: /s/ Joshua L. Lee
    James K. Tracy
    Joshua L. Lee
    *Attorneys for Kenneth W. Griswold*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of May, 2017 I caused a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIM** to be served upon the following via Notice of Electronic Filing:

Rod N. Andreason
Christopher S. Hill
KIRTON MCKONKIE
P.O. Box 45120
Salt Lake City, UT 84145-0120
randreason@kmclaw.com; chill@kmclaw.com

/s/ Joshua L. Lee